# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

    **v.**

**JUAN PABLO FLORES CASTRO,**
**a/k/a Juan Pablo Guerra-Flores**
**a/k/a Duende,**
              **Defendant.**

           **Case No. 2:17-CR-164(17)**
           **JUDGE EDMUND A. SARGUS, JR.**

## OPINION AND ORDER

The United States moves to join Case No. 2:20-cr-201 (false-statements case) with Case No. 2:17-cr-164 (racketeering case) for the upcoming trial against Defendant Juan Flores-Castro (a/k/a Duende).  (ECF No. 1156.)  Although Mr. Flores-Castro's defense counsel initially objected to the joinder of both cases during a telephonic status conference held on Tuesday, December 15, 2020, counsel for the Government subsequently conferred with his attorneys, who stated that they have since withdrawn that objection.   Accordingly, this motion to join both cases for trial is unopposed.  For the reasons set forth below, the Court **GRANTS** the Government's unopposed motion.  (ECF No. 1156.)

### I.

Federal Rule of Criminal Procedure 13 permits the joinder of separate cases "as though brought in a single indictment" where "all offenses and all defendants could have been joined in a single indictment."  Fed. R. Crim. P. 13.

**II.**

The Rule 13 criteria are satisfied here because the three charges from the false-statements case relate directly to the charges in the racketeering case. The false-statements indictment alleges that Mr. Flores-Castro made materially false representations about the murder of Salvador Martinez-Diaz to thwart investigators.  (False-Statements Case, ECF No. 3). That murder, in turn, is one of the overt acts taken in furtherance of the conspiracy from the racketeering case (Count 1) and is the subject of two stand-alone murder counts (Counts 4-5). (Racketeering Case, ECF No. 179). The evidence needed to prove that Mr. Flores-Castro's statements were false will be the same evidence needed to prove the Martinez-Diaz murder.

For these reasons, joinder of both cases for trial is appropriate and preferable. See *United States v. Qaoud*, 777 F.2d 1105, 1118 (6th Cir. 1985) ("[Defendant's] alleged false declaration pertained to the RICO conspiracy and its concealment, and much of the evidence was applicable to both charges."); *see also, e.g., United States v. Montgomery*, 358 F. App'x 622, 627-28 (6th Cir. 2009) (holding that joinder of cases was appropriate where second case involved witness-tampering charges related to a cover-up of drug-trafficking charges alleged in first case).

**III.**

For the reasons stated above, the Court **GRANTS** the Government's Motion to Join Cases for Trial.  (ECF No. 1156.)

**IT IS SO ORDERED.**


**1/6/2021**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**

2