UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                      Case No. 2:17-cr-164(17)
                                             JUDGE EDMUND A. SARGUS, JR.

    v.

**JUAN FLORES-CASTRO,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Juan Flores-Castro's *pro se* Motion for Compassionate Release or Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Mot., ECF No. 1492.) The Government filed a response in opposition to the Motion. (Opp., ECF No.1494.) Mr. Flores-Castro replied in support of his Motion. (Reply, ECF No. 1505.) He also filed a Motion for Current Status, asking about the status of his Motion for Compassionate Release. (ECF No. 1509.) For the reasons below, Mr. Flores-Castro's Motion for Compassionate Release is **DENIED**, and his Motion for Current Status is **DENIED as moot**.

## BACKGROUND

Mr. Flores-Castro was indicted in 2018 on charges of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d) (Count I), murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts III and IV), and murder through the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) and 18 U.S.C. § 2 (Count V). (ECF No. 179.)

Three years later Mr. Flores-Castro pleaded guilty to one count of conspiracy to commit racketeering. (ECF Nos. 1161, 1167.) His plea agreement included a statement of facts, in which

1

Mr. Flores-Castro admitted that he unlawfully conspired to participate in the affairs of La Mara Salvatrucha, a criminal enterprise commonly known as MS-13. (ECF No. 1161, PageID 4814.) As a member of MS-13, Mr. Flores-Castro admitted that he committed, and conspired with others to commit, the crimes of murder and drug trafficking. (*Id.* PageID 4814–17.) As part of his guilty plea, Mr. Flores-Castro agreed to a binding sentencing recommendation of 420–480 months (35–40 years) of imprisonment. (*Id.* PageID 4810.) Mr. Flores-Castro was sentenced accordingly to 420 months of imprisonment, five years of supervised release, a $100 special assessment, and $7,500 in restitution. (ECF Nos. 1323, 1326.)

He then filed a timely notice of appeal of his judgment of conviction and sentence. (ECF No. 1336.) His appointed counsel filed a brief with the Sixth Circuit stating that he identified nothing in the record supporting an appeal. (ECF No. 1456, PageID 7356–57.) After reviewing the record, the Sixth Circuit also found no error warranting a reversal and affirmed this Court's judgment. (*Id.* PageID 7361.)

Mr. Flores-Castro then filed a *pro se* "Notice of Motion to Appeal," which the Court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (*See* ECF Nos. 1467, 1469, 1470.) The Court appointed counsel to represent Mr. Flores-Castro in connection with this filing. (Docket Entry, July 19, 2022.) Several months later, the Court granted Mr. Flores-Castro's request to withdraw his § 2255 motion. (ECF No. 1486.) A year later, Mr. Flores-Castro filed the Motion before the Court, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Mot.) The Government opposes the Motion. (Opp.)

Mr. Flores-Castro is incarcerated at Marianna FCI with a projected release date of February 29, 2048. *See* Bureau of Prison, Find an Inmate, https://www.bop.gov/inmateloc/ (accessed Mar. 28, 2025). He is 36 years old. *Id.*

**LEGAL STANDARD**

Section 3582(c)(1)(A), known as the compassionate release statute, allows a sentencing court to modify a term of imprisonment in certain limited circumstances. 18 U.S.C. § 3582(c)(1)(A). Before the passage of the First Step Act of 2018, district courts could grant compassionate release sentence reduction only upon motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified § 3582(c)(1)(A) to allow defendants to bring a motion on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the BOP. *See also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

"[A] district court may grant compassionate release 'only if it finds that the defendant satisfies three requirements: (1) extraordinary and compelling reasons warrant such a reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Peake*, No. 24-5422, 2024 U.S. App. LEXIS 30234, at *4 (6th Cir. Nov. 27, 2024) (quoting *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quotations and citation omitted)); *see also* 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Court must address all three steps, if it grants the motion, but if any of the substantive requirements are lacking, the Court may deny the motion without addressing the other steps. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). The decision is left to the discretion of the district court. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

---

[1] Subpart (ii) of this statute provides a separate basis for compassionate release related to a defendant's age and years in prison. *Ruffin*, 978 F.3d at 1003.

If, under the first step, the Court finds that extraordinary and compelling reasons support a reduction, the Court must then determine whether the reduction aligns with an applicable policy statement issued by the Sentencing Commission. *Id.* The Commission's policy statement is encompassed under U.S.S.G. § 1B1.13, in which it identifies what factors are considered extraordinary and compelling circumstances for a sentence reduction, including the defendant's medical circumstances, age, family circumstances, being a victim of abuse, an unusually long sentence, and similar reasons. U.S.S.G. § 1B1.13(b)(1)–(5). As of November 1, 2023, these factors apply to both motions filed by defendants themselves and filed by the BOP. U.S.S.G. § 1B1.13(a); *see* 88 Fed. Reg. 28,254 (setting effective date of relevant changes to § 1B1.13 as Nov. 1, 2023); *United States v. Remble*, No. 1:05-cr-113-1, 2024 U.S. Dist. LEXIS 184570, at *7 n.2 (S.D. Ohio Oct. 9, 2024) (Dlott, J.) ("[T]he Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 to make clear that the policy statement applies to motions filed by inmates.").

At step three, the Court considers whether the factors under 18 U.S.C. § 3553(a) warrant a reduction. The factors include the nature and circumstances of the offense, the history and characteristics of the defendant, "the need to promote respect for law and to protect the public," the seriousness of the offense, and whether the punishment is just and adequately deters criminal conduct. *Ruffin*, 978 F.3d at 1005, 1008 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if extraordinary and compelling reasons would otherwise justify relief."); *see also United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021) (affirming denial of compassionate release based on the § 3553(a) factors alone), *cert. denied*, 142 S. Ct. 780 (2022).

## ANALYSIS

Mr. Flores-Castro asks the Court to reduce his sentence for various reasons including ineffective assistance of counsel, prosecutorial misconduct, his history and characteristics, and his

4

post-sentencing rehabilitation. (Mot.) The Government argues that Mr. Flores-Castro's Motion should be denied because he has not proved an extraordinary or compelling reason to support his release, or how the relief requested is consistent with the sentencing factors under 18 U.S.C. § 3553(a). (Opp., PageID 7464.) Mr. Flores-Castro has satisfied the administrative exhaustion requirement (*see id.* PageID 7567, n.1), so the Court begins by addressing whether he has shown an extraordinary and compelling reason justifying his release.

> **I.  Mr. Flores-Castro has not shown an extraordinary and compelling reason to justify his release from prison.**

Mr. Flores-Castro's Motion describes how his personal history and characteristics led to his involvement in MS-13 and the underlying offenses. He tells a sympathetic story about the threats that he and his family experienced in El Salvador, causing him to flee to the United States. (Mot., PageID 7449.) To get to the United States, he solicited the help of MS-13 traffickers and "plac[ed] himself in their debt." (*Id.*) He continued to associate with members of MS-13 once in the United States out of fear, and to work off his debt. (*Id.*) But he argues that he was not a member of MS-13. (*Id.*) He maintains that he did not participate in the alleged murders in this underlying case, and that he reiterated this to his attorney. (*Id.* PageID 7450.) But at the same time, he advises the Court that he "dropped out and debriefed on MS13 . . . [and] . . . chose to lead a straight life." (*Id.* PageID 7447.) Dropping out of MS-13 has placed Mr. Flores-Castro at risk in prison, where he fears he may be assaulted or killed. (*Id.*)

Even though he argues he did not participate in the murders, and did not want to plead guilty, he did so "out of duress." (*Id.* PageID 7450.) He states that he could not read or understand the plea agreement he signed because it was in English. (*Id.* PageID 7451.) Despite telling his attorney he did not participate in the murders, and was not a member of MS-13, his attorney advised him to take a plea rather than go to trial, says Mr. Flores-Castro. (*Id.*) Last, he argues that

his sentence is disproportionately larger than his co-conspirators, even though his co-conspirators pleaded guilty to similar charges. (*Id.* PageID 7452.)

The Government responds that the facts put forth in Mr. Flores-Castro's Motion were considered by the Court upon sentencing and thus cannot support his Motion. (Opp., PageID 7467–68.) Compassionate release motions are intended to address "post-sentencing factual developments," and the Court is precluded from "simply taking facts that existed at sentencing and repackaging them as extraordinary and compelling." *Hunter*, 12 F.4th at 569. To do so would "render[] the general rule of finality and the extraordinary-and-compelling-reasons requirement superfluous, void or insignificant." *Id.* (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)). Therefore, "a court must first find that the facts of the defendant's personal circumstances changed after sentencing in a way that is extraordinary and compelling, before the court is permitted to weigh (or revisit) the § 3553(a) factors." *Id.* (citation omitted).

### A. Personal Characteristics

The Court addressed Mr. Flores-Castro's upbringing and personal history that led to his involvement in MS-13 at his sentencing hearing. (*See* ECF No. 1403.) His sentencing memorandum made the same arguments that Mr. Flores-Castro now makes in his Motion for Compassionate Release. (ECF No. 1318, PageID 5979–80.) Since these facts were considered by the Court when imposing Mr. Flores-Castro's sentence, they cannot be used to create an extraordinary and compelling reason for a reduction in his sentence. *Hunter*, 12 F.4th at 569.

### B. Sentencing Disparities

Similar logic applies to his arguments about sentencing disparities between him and his co-conspirators, as well as other cases against members of MS-13. Mr. Flores-Castro cites two cases to support his argument that his sentence should be reduced because it was disproportionate to others who pleaded guilty to similar offenses. (Mot., PageID 7452.) In *United States v. Sandoval*,

6

the lead defendant and MS-13 member was convicted of conspiracy to commit racketeering and sentenced to 240 months of imprisonment. 6 F.4th 63, 105 (1st Cir. 2021). In *United States v. Gonzalez-Campos*, Mr. Flores-Castro's co-defendant pleaded guilty to racketeering conspiracy and was sentenced to 360 months of imprisonment. (Mot., PageID 7452; *see also* Case No. 2:17-cr-164(18).)

Both cases are distinguishable. In *Sandoval*, because of how the defendant was indicted, even though the sentencing guideline range was life imprisonment, the statutory maximum imposed a lesser sentence of 240 months. *Sandoval*, 6 F.4th at 105. And Mr. Gonzalez-Campos was accused of participating in only one murder. (ECF No. 1141, PageID 4677–81.) In contrast, Mr. Flores-Castro pleaded guilty to the same charge, but participated in two murders. (ECF No. 1238, PageID 5238–39, 5241–43.)

Even if the cases above were not distinguishable, these defendants were sentenced before Mr. Flores-Castro. Thus, the Court considered the comparative sentences when it imposed a term of imprisonment of 420 months. (*See* ECF No. 1238, PageID 5235 (stating that Gonzalez-Campos received a sentence of 360 months).) The sentencing disparities are not post-sentencing factual developments and do not show how Mr. Flores-Castro has changed since he was sentenced. *Hunter*, 12 F.4th at 569, 571–72. As a result, any argument over sentencing disparities does not show an extraordinary or compelling reason for this Motion.

### C. Rehabilitation

The Court may, however, consider Mr. Flores-Castro's argument that he has been rehabilitated and "dropped out" of MS-13 after he was sentenced. He explains that while incarcerated, he "has learned to read and write English[,] is taking G.E.D. classes, and has no prison disciplinary history in the years he's been in prison." (Mot., PageID 7453.) He has chosen to disavow MS-13, at great personal risk to his safety, so he says. (*Id.* PageID 7447.)

7

While the Court encourages his efforts towards rehabilitation, rehabilitation "alone shall not be considered an extraordinary and compelling reason" for a reduction in a sentence under section 3582(c)(1)(A). 28 U.S.C. § 994(t); *see also United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021); U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason"). This argument does not support his request for compassionate release.

### D. Prosecutorial Misconduct and Ineffective Assistance of Counsel

Last, to the extent that Mr. Flores-Castro raises allegations of prosecutorial misconduct, or ineffective assistance of counsel, the Government argues that such claims should have been pursued in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Opp., PageID 7468–69.) Motions for compassionate release are not intended to be end-runs around habeas. *E.g.*, *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) ("[W]e do not read 'extraordinary and compelling' to provide an end run around habeas"). "A compassionate release motion is not the proper vehicle for arguments that were or could have been raised on direct appeal or in a [28 U.S.C.] § 2255 motion." *United States v. Mattice*, No. 20-3668, 2020 U.S. App. LEXIS 31870, at *5 (6th Cir. 2020) (internal citation omitted). Since Mr. Flores-Castro could have raised the defenses of prosecutorial misconduct and ineffective assistance of counsel on direct appeal, or in a § 2255 habeas petition, he cannot make such arguments in a motion for compassionate release.

Mr. Flores-Castro therefore has not shown an extraordinary and compelling reason that his sentence should be reduced under 18 U.S.C. § 3852(c)(1)(A)(i). Nor would a reduction align with the Sentencing Commission's policy statement under U.S.S.G. § 1B1.13. Mr. Flores-Castro does not argue that any of the factors outlined under that policy statement apply and warrant a reduction. *See* U.S.S.G. §1B1.13(b)(1)–(5) (listing medical circumstances, age, family circumstances, being a victim of abuse, and an unusually long sentence as factors showing extraordinary and compelling

8

reasons for a reduction). Further, even if a defendant showed an extraordinary and compelling reason for a reduction, the Court must analyze whether the defendant is a danger to the safety of any other person or the community. U.S.S.G. § 1B1(a)(2). Given the severity of the crimes Mr. Flores-Castro admitted to participating in, a reduction would not align with the Sentencing Commission's policy statement and his Motion fails under the second step of the analysis.

The Court could stop its analysis here because Mr. Flores-Castro failed the first step and second steps. *See Elias*, 984 F.3d at 519. That said, the Court will explain why even if Mr. Flores-Castro put forth an extraordinary and compelling reason, and a reduction aligned with an applicable policy statement, the § 3553(a) factors do not support granting relief.

**II. The § 3553(a) factors do not support a reduction in Mr. Flores-Castro's sentence.**

When constructing an appropriate sentence, § 3553(a) instructs the Court to consider the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, to deter criminal conduct, and provide just punishment, the need to protect the public from future crimes, and the comparable sentencing range established for the offense. *See* 18 U.S.C. § 3553(a)(1),(2)(A)–(C), (4).

The nature and circumstances of Mr. Flores-Castro's offense weigh strongly against his release. As the Court noted during his sentencing, his offense was of "the highest level of severity." (ECF No. 1403, PageID 6865.) Mr. Castro admitted he participated in two homicides, both of which the Court noted were "aggravated killings" that were "very brutal, [and] senseless." (*Id.*) Further, after Mr. Flores-Castro was arrested, he wrote a letter to MS-13 members in El Salvador urging them to intimidate, and possibly kill, government witnesses and their families who might testify against him at trial. (*Id.* PageID 6867–68; *see also* ECF No. 1301, PageID 5699.) His

9

allegiance to MS-13 exhibited in this letter conflicts with how he portrays his role in MS-13 in his Motion.

Mr. Flores-Castro has only served seven years of his 35-year sentence, around one-fifth of his sentence. The Court finds this insufficient to reflect the seriousness of his crime, or to provide adequate punishment. Mr. Flores-Castro is a violent offender, who endangered the community by trafficking in narcotics and participating in two homicides. Ultimately, the Court finds no basis for Mr. Flores-Castro's Motion for Compassionate Release. He failed to put forth an extraordinary or compelling reason to warrant a release after serving only one-fifth of his sentence. Considering the seriousness of his offenses, the Court **DENIES** the Motion.

## CONCLUSION

For the reasons above, Mr. Flores-Castro's Motion for Compassionate Release or Sentence Reduction (ECF No. 1492) is **DENIED** and his Motion for Current Status (ECF No. 1509) is **DENIED as moot**.

**IT IS SO ORDERED.**

| | |
|---|---|
| **4/9/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |